**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

SHAWN G. GRANGER,

                       Plaintiff,

      v.                                                   8:20-CV-189
                                                           (MAD/CFH)

THE CITY OF WATERTOWN, et al.,

                       Defendants.

---

**APPEARANCES:**                                         **OF COUNSEL:**

Goehler Law Offices                             EDWARD W. GOEHLER, I, ESQ.
11 Groton Avenue
Cortland, New York 13045
Attorney for plaintiff

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION & ORDER

      Plaintiff purported to commence this action on February 21, 2020 with the filing of a complaint and motion for leave to proceed in forma pauperis ("IFP"). Dkt. No. 1 ("Compl."), Dkt. Nos. 2-3. Plaintiff also filed a motion for appointment of counsel. Dkt. No. 4. This Court administratively closed the case with opportunity to comply with the filing fee requirement. Dkt. No. 6. On March 12, 2020, plaintiff filed a second application for leave to proceed IFP. Dkt. Nos. 7-8. After reviewing plaintiff's application for leave to proceed IFP, the undersigned concluded that plaintiff financially qualified to proceed IFP for purposes of filing. Dkt. No. 11. The undersigned issued a Report-Recommendation & Order recommending that the follow of plaintiff's claims be dismissed with prejudice: official capacity claims against the individual defendants, and state law claims for assault, battery, negligent infliction of emotional distress, and intentional infliction of emotional distress. Dkt. No. 11. Further, the undersigned

recommended that the following of plaintiff's claims be dismissed without prejudice and with opportunity to amend: Monell claims against defendant municipalities and failure to intervene claims against the individual defendants in their individual capacities. Id. Finally, the undersigned recommended that plaintiff's excessive force claims proceed. Id.

On July 22, 2020, plaintiff filed an amended complaint. Dkt. No. 13. On September 8, 2020, District Judge Mae A. D'Agostino, by text order, terminated as moot the June 22, 2020, Report-Recommendation & Order due to plaintiff's filing of an amended complaint. Dkt. No. 14. On October 2, 2020, Edward W. Goehler, I, Esq. filed a notice of appearance on behalf of plaintiff. Dkt. No. 15. Presently pending before the undersigned is review of plaintiff's amended complaint.

## II. Legal Standards

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). It is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting her to proceed with her action. As plaintiff is representing himself, the court must afford plaintiff special solicitude; thus, it is to consider her claims "liberally" and "interpret them 'to raise the strongest arguments that they suggest.'" Cold Stone Creamery, Inc. v. Gorman, 361 F. App'x 282, 286 (2d Cir. 2010) (summary order) (quoting Brownell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006)).

Pleading guidelines are set forth in the Federal Rules of Civil Procedure. Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." See FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the

2

adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought . . . .

Fed. R. Civ. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d).

Further, Rule 10 of the Federal Rules provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted). A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted). In such cases of dismissal, particularly when reviewing a pro se complaint, the court

3

generally affords the plaintiff leave to amend the complaint.  Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995).  A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

### III.  Initial Review

### A.  In Forma Pauperis

As the prior Report-Recommendation & Order was denied in its entirety as moot, including the grant of in forma pauperis ("IFP") relief, the undersigned must reassess plaintiff's IFP application.  After reviewing plaintiff's application for leave to proceed IFP, dkt. no. 7, the undersigned concludes that plaintiff financially qualifies to proceed IFP for purposes of filing.  Plaintiff is advised that he is still required to pay for any costs and fees he may incur, including copying fees and witness fees.

### B.  Amended Complaint

In filing his Amended Complaint, rather than replead the facts and causes of action on which he seeks to proceed, plaintiff appears to seek to incorporate by reference several portions of his original complaint.  For example, rather than replead the facts or legal claims from his original complaint, plaintiff states "basis for jurisdiction and venue remains the same[,]" "preliminary statement, and sentences 1-8 of original complaint remain the same; statement of facts, and sentences 9-20 of original complaint remain the same." Dkt. No. 13 at 2.
The amended complaint further provides, for his "first claim (assault and excessive force)" "sentences 21-24 of original complaint remain the same"; "second claim (intentional and negligent

4

infliction of emotional, physchological [sic], great mental distress" "sentences 25-28 of original complaint remain the same"; "third claim "negligent supervision, and failure to take corrective action of employee" "sentences 20-32 of original complaint remain the same."

As for plaintiff's fourth claim, plaintiff seeks to add three additional subparagraphs, and states "sentences 34-36 of "failure to intervene of original complaint remain the same." Dkt. No. 13 at 3-4.  For plaintiff's "fifth claim (monell claim)," he provides "paragraph/sentence no. 37 of original complaint remains the same" and provides "This action needs to progress to discovery so that plaintiff can access to actual training manuals, customs, practices, and or policies of the Watertown Police Department and its employees." Id. at 4.  He further seeks to add three paragraphs to paragraph 38 of the original complaint.  Id.  He seeks to add additional paragraphs to paragraphs 39, 40, and 41 of the original complaint, stating that "paragraph/sentence 42 of the original complaint remain the same." Id. Finally, plaintiff adds a "sixth claim," "denial of medical care" as a new cause of action.  Id. At 8.  Plaintiff demands a jury trial, "punitive damages in an amount to be determined by a jury; Costs, interest and attorney's fees, pursuant to 42 U.S.C. 1988, and 1983," damages from his pain and suffering, fear and invasion of privacy, psychological distress, emotional distress, great mental anguish, denial of medical care, embarrassment, humiliation, his character injured, and earning power permanently impaired from each defendant individual and official capacity in the amount of $500,000.00 USD. For a subtotal of Five Hundred Thousand Dollars ($500,000.00 UDS), and for further sanction as this court deems just and proper." Dkt. No. 13 at 7.

The Local Rules of the Northern District of New York provide that an amended complaint supersedes and replaces an original pleading in all respects. See N.D.N.Y. L.R. 7.1(a)(4). The Local Rules further state that a "party shall not incorporate any portion of its prior pleading into the proposed amended pleading by reference." Id.  "[T]his requirement eliminates the confusing nature of 'piecemeal' amended complaints." Chapdelaine v. Keller, 95-CV-1126, 1999 WL 34998130, at *1 (N.D.N.Y. Sept. 28, 1999); Dluhos v. Floating & Abandoned Vessel, 162 F.3d 63,

68 (2d Cir. 1998) (internal citation omitted). Indeed, the filing of an amended complaint "renders [the] original complaint a nullity." Darvie v. Countryman, No. 09-CV-0715 (GLS/GHL), 2009 WL 161219, at *2 (N.D.N.Y. Jan. 22, 2009).

As plaintiff's proposed amended complaint seeks to incorporate by reference portions of his original complaint and does not replead all facts or legal claims on which he seeks to proceed, it is not a complete pleading and is violative of the Local Rules of this Court. Although plaintiff was proceeding pro se when he submitted his amended complaint, and is entitled to special solicitude, "that solicitude is not without limits; and even pro se litigants must follow the Court's procedural rules." Gagnon v. Essex Cnty. CPS Unit, 8:09-CV-1411 (GTS/DRH), 2010 WL 1063947, at *1 (N.D.N.Y. Mar. 19, 2020); see also Bennett v. Fletcher, 9:17-CV-849 (GTS/CFH), 2018 WL 557885, at *1 (N.D.N.Y. Jan. 18, 2018) (quoting McNeil v. United States, 508 U.S. 106, 113 (1993) ("While we have insisted that the pleadings prepared by [pro se litigants] be liberally construed . . . we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.")). To attempt to review with the incorporated portions of the original complaint together with the disjointed amended complaint would place too great a burden on the Court, and, if the matter proceeds past initial review, the defendants. See, e.g., Bennett, 2018 WL 557885, at *1 ("One of the purposes of the requirement that an amended complaint be itself a complete pleading is to ensure that all of the allegations asserted against the defendants are contained in a single document, thereby reducing the likelihood that a party will overlook one or more allegations against him."). Thus, plaintiff and the Court would be far better served by providing plaintiff a final opportunity to amend, and that a second amended complaint be submitted by counsel, who has now appeared on plaintiff's behalf. Plaintiff and his counsel are reminded that any amended complaint must be complete pleading which will supersede and replace the original complaint in its entirety. Accordingly, it is recommended that the amended complaint be dismissed without prejudice and that plaintiff have one final opportunity to file an amended complaint.

## IV. Conclusion

**WHEREFORE**, it is hereby

**ORDERED**, that plaintiff's motion to proceed in forma pauperis, dkt. no. 7, is **GRANTED**; and it is

**RECOMMENDED**, that plaintiff's amended complaint be **DISMISSED without prejudice** in its entirety, and that plaintiff, through counsel, be given one final opportunity to amend, and that the amended complaint be a complete pleading that supersedes and replaces in its entirety the earlier complaints, and it is further

**RECOMMENDED**, that if the District Judge adopts this Report-Recommendation & Order, plaintiff's counsel be given thirty (30) days from the filing date of the Order adopting the Report-Recommendation & Order to file a second amended complaint; and it is further

**RECOMMENDED**, that if plaintiff's counsel fails to file a second amended complaint within this time frame, the case may be dismissed without further order of this Court.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has FOURTEEN (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

**IT IS SO ORDERED**.

Dated: December 17, 2020
Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge

7