**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**SHAWN G. GRANGER,**

                            **Plaintiff,**

    vs.                                               **8:20-CV-189**
                                                          **(MAD/CFH)**

**THE CITY OF WATERTOWN; THE CITY OF**
**WATERTOWN POLICE DEPARTMENT;**
**POLICE OFFICER ERIC MCLANE,** _individually_
_and in his official capacity_**; POLICE OFFICER KENNY**
**NOONE,** _individually and in his official capacity_**; and**
**POLICE OFFICER FREDERICK MARCH,**
_individually and in his official capacity_**,**

                            **Defendants.**
_____

**APPEARANCES:**                                **OF COUNSEL:**

**SHAWN G. GRANGER**
**18-B-0665**
Riverview Correctional Facility
P.O. Box 247
Ogdensburg, New York 13669
Plaintiff

**GOEHLER LAW OFFICES**                **EDWARD W. GOEHLER, I, ESQ.**
11 Groton Avenue
Cortland, New York 13045
Attorneys for Plaintiff

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

On February 21, 2020, Plaintiff commenced this action _pro se_ against the City of

Watertown (the "City"); the City of Watertown Police Department (the "Police Department"); and

Police Officers Eric McLane ("McLane"), Kenny Noone ("Noone"), and Frederick March

("March") in their individual and their official capacities. _See_ Dkt. No. 1. Plaintiff asserted

1

claims of assault, excessive force, and intentional and negligent infliction of emotional distress against McLane, Noone, and March. *See id.* at 5-6. Plaintiff further asserted claims against the City and the Police Department for negligent supervision, failure to take corrective action against employees, and *Monell* liability for alleged unprofessional practices. *See id.* at 6-8. Finally, Plaintiff asserted a failure to intervene claim against the City, the Police Department, and Officers McLane, Noone, and March. *See id.* at 7. Plaintiff also filed a motion for leave to proceed *in forma pauperis* and a motion for appointment of counsel. *See* Dkt. No. 2; Dkt. No. 4. Plaintiff's first motion for leave to proceed *in forma pauperis* was denied as incomplete and the Court directed administrative closure. *See* Dkt. No. 6. Plaintiff then submitted a complete application and the case was reopened. *See* Dkt. No. 7; Dkt. No. 9.

In a Report-Recommendation and Order dated June 22, 2020, Magistrate Judge Hummel granted Plaintiff leave to proceed *in forma pauperis* and performed an initial review of the complaint. *See* Dkt. No. 11. On July 22, 2020, before the Court could act on Magistrate Judge Hummel's Report-Recommendation and Order, Plaintiff filed an amended complaint. *See* Dkt. No. 13. In light of Plaintiff's amended complaint, the Court terminated the pending Report-Recommendation and Order and referred this action back to Magistrate Judge Hummel for an initial review of the amended complaint. *See* Dkt. No. 14. On October 2, 2020, Edward W. Goehler filed a Notice of Appearance on behalf of Plaintiff. *See* Dkt. No. 15.

In a Report-Recommendation and Order dated December 17, 2020, Magistrate Judge Hummel granted Plaintiff leave to proceed *in forma pauperis* and performed an initial review of the amended complaint. *See* Dkt. No. 16. In the Report-Recommendation and Order, Magistrate Judge Hummel recommended that the Court dismiss Plaintiff's amended complaint without prejudice in its entirety, and that Plaintiff, through counsel, be given one final opportunity to

2

amend. *See id.* at 7. Magistrate Judge Hummel found that the amended complaint was not a complete pleading and violated the Local Rules of the Court because the amended complaint referenced portions of Plaintiff's original complaint and did not replead all facts and legal claims. *See id.* at 6. Plaintiff has not objected to Magistrate Judge Hummel's Report-Recommendation and Order.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The Second Circuit has held that the court is obligated to "'make reasonable allowances to protect pro se litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan*, 289 F. Supp. 2d at 295 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

In the present matter, the Court finds that Magistrate Judge Hummel correctly determined that Plaintiff's amended complaint must be dismissed without prejudice. The Local Rules of the

Northern District of New York provide that an amended complaint supersedes and replaces an original pleading in all respects, and that a "party shall not incorporate any portion of its prior pleading or exhibits thereto into the proposed amended pleading by reference." N.D.N.Y. L.R. 15.1(a). "This requirement [] eliminates the confusing nature of 'piecemeal' amended complaints. . . . [A]n amended complaint must include all of the allegations against each of the defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in the action." *Bennett v. Fletcher*, No. 9:17-CV-849, 2018 WL 557885, \*1 (N.D.N.Y. Jan. 18, 2018) (citing *Chapdelaine v. Keller*, No. 9:95-CV-1126, 1999 WL 34998130, \*1 (N.D.N.Y. Sept. 28, 1999)). Here, Plaintiff's amended complaint references the original complaint and does not replead all facts and legal claims, and thus is not in compliance with the Local Rules of the Northern District of New York. Although Plaintiff's *pro se* amended complaint is subject to more lenient standards, this leniency "is not without limits; and even *pro se* litigants must follow the Court's procedural rules." *Gagnon v. Essex Cty. CPS Unit*, No. 8:09-CV-1411, 2010 WL 1063947, \*1 (N.D.N.Y. Mar. 19, 2010); *see also Bennett*, 2018 WL 557885, at \*1 (quoting *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("While we have insisted that the pleadings prepared by [*pro se* litigants] be liberally construed . . . we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel")).

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Hummel's Report-Recommendation and Order (Dkt. No. 16) is **ADOPTED in its entirety** for the reasons set forth therein; and the Court further

**ORDERS** that Plaintiff's amended complaint is **DISMISSED without prejudice** and **with leave to amend**; and the Court further

**ORDERS** that Plaintiff's counsel shall file his second amended complaint within **thirty (30) days** of the date of this Order; and the Court further

**ORDERS** that, if Plaintiff's counsel fails to file a second amended complaint within thirty (30) days of the date of this Order, the Clerk of the Court shall enter judgment in Defendants' favor and close this case without further order from this Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 10, 2021
       Albany, New York

Mae A. D'Agostino
U.S. District Judge