UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHAWN G. GRANGER,

                                              **Plaintiff,**

          v.                                                                                             8:20-CV-0189
                                                                                                  (MAD/CFH)

THE CITY OF WATERTOWN, THE CITY OF
WATERTOWN POLICE DEPARTMENT, POLICE
OFFICER ERIC McLANE, POLICE OFFICER
KENNY NOONE, and POLICE OFFICER
FREDERICK MARCH,

                                              **Defendants.**
_____

APPEARANCES:                                           OF COUNSEL:

GOEHLER LAW OFFICES                  EDWARD W. GOEHLER , ESQ.
11 Groton Ave
Cortland, NY 13045
Attorneys for Plaintiff

BOND SCHOENECK & KING, PLLC     JONATHAN B. FELLOWS, ESQ.
One Lincoln Center                                    MICHAELA J. MANCINI, ESQ.
Syracuse, NY 13202
Attorneys for Defendants

Mae A. D'Agostino, U.S. District Judge:

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

      Presently before the Court are the parties' motions regarding the admissibility of evidence.

Dkt. Nos. 60 and 62. Plaintiff and Defendants have opposed the respective motions. *See* Dkt.

Nos. 69 and 71.

      The Court assumes the parties' familiarity with the factual background of this case. The

Court conducted a final pre-trial conference on January 24, 2023 and addressed several issues

raised in the parties' pretrial submissions. Any pertinent facts or information from that conference will be incorporated in the discussion set forth below.

## II.  MOTIONS IN LIMINE

**A.     Standard of Review**

The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain evidence. *See Luce v. U.S.*, 469 U.S. 38, 40 n.2 (1984); *see also Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996).  A court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds. *See Baxter Diagnostics, Inc. v. Novatek Med., Inc.*, No. 94–CV–5220, 1998 WL 665138, *3 (S.D.N.Y. Sept. 25, 1998) (citation omitted).  Courts considering a motion in limine may reserve decision until trial so that the motion is placed in the appropriate factual context. *See Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Grp.*, 937 F.Supp. 276, 287 (S.D.N.Y. 1996).  Alternatively, the court is "free, in the exercise of sound judicial discretion, to alter a previous in limine ruling" at trial as "the case unfolds, particularly if the actual testimony differs from what was contained in the [movant's] proffer." *Luce*, 469 U.S. at 41–42.

**B.     Plaintiff's Motion *in Limine***

   **1.     Plaintiff's Criminal Convictions**

Plaintiff contends that, under Rule 609(b) of the Federal Rules of Evidence, Defendants should be prohibited from introducing evidence concerning his criminal convictions in excess of ten years because "the convictions simply have no relevance of probative value to the trial in this matter[.]" Dkt. No. 62 at 1, 2.  Plaintiff stipulates to entry of the names, dates, and sentences imposed for his 2018 conviction. *Id*.

Federal Rule of Evidence 609(a)(1) provides that, for the purpose of attacking the

credibility of a witness, evidence that the witness has been convicted of a crime "punishable by death or by imprisonment for more than one year . . . must be admitted, subject to Rule 403, in a civil case." Fed. R. Evid. 609(a)(1). In other words, the court must admit the "name of a conviction, its date, and the sentence imposed unless the district court determines that the probative value of that evidence 'is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.' " *United States v. Estrada*, 430 F.3d 606, 620-21 (2d Cir. 2005) (citing Fed. R. Evid. 403). However, where more than ten years have passed since the witness's past felony conviction or release from confinement for it, whichever is later, Rule 609(b) provides that the conviction is admissible only if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and . . . the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use."

In balancing probative value against prejudicial effect under Rule 609, courts examine: "(1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." *Daniels v. Loizzo*, 986 F.Supp. 245, 250 (S.D.N.Y. 1997) (citations omitted). "Although all of these factors are relevant, 'prime among them is the first factor, i.e., whether the crime, by its nature, is probative of a lack of veracity.' " *United States v. Brown*, 606 F.Supp.2d 306, 312 (E.D.N.Y. 2009) (quoting *United States v. Ortiz*, 553 F.2d 782, 784 (2d Cir. 1977)) (alterations omitted). The district court has "wide discretion to impose limitations on the cross-examination of witnesses," *United States v. Flaharty*, 295 F.3d 182, 191 (2d Cir. 2002), which includes the discretion to "exclude the nature or statutory name of the offense, . . . [or] the

length of the sentence when its probative value is outweighed by its prejudicial effect[.]" *Brown*, 606 F.Supp.2d at 312.

Initially, the Court notes that Plaintiff did not provide any information regarding his prior convictions. A review of Plaintiff's criminal history reveals that, in 1997, Plaintiff was convicted of criminal sale of a controlled substance in the fourth degree and criminal possession of stolen property in the third degree. *See* http://nysdoccslookup.doccs.ny.gov (DIN 18-B-0665) (last visited Jan 22, 2023). In 1999, Plaintiff was convicted of criminal possession of a controlled substance in the fifth degree. *Id.* Defendants have not opposed Plaintiff's motion to preclude with respect to these convictions. *See* Dkt. No. 69. Accordingly, Plaintiff's motion is granted insofar as Defendants are precluded from introducing evidence relating to Plaintiff's 1997 and 1999 convictions. *See Woolfolk v. Baldofsky*, No. 19-CV-3815, 2022 WL 2600132, at *3 (E.D.N.Y. July 8, 2022) (granting the defendant's motion to preclude where the plaintiff did not respond or oppose the defendant's requests and had not shown why the evidence was relevant or that its probative value outweighed the risk of prejudice) (citations omitted).

In 2010, Plaintiff pled guilty to criminal possession of a controlled substance in the third degree, criminal use of drug paraphernalia in the second degree, driving while ability impaired by drugs, suspended registration, operating a motor vehicle without insurance, speeding, criminal possession of marihuana in the second degree, reckless driving, leaving the scene of a property damage accident, failure to keep right, criminal possession of a controlled substance in the seventh degree, and unlawful possession of marihuana. *People v. Granger*, 947 N.Y.S.2d 868 (2012). Plaintiff was incarcerated for his conviction until September 8, 2016. *See* http://nysdoccslookup.doccs.ny.gov (DIN 18-B-0665) (last visited Jan 22, 2023). Thus, Rule 609(b)'s exclusion does not apply. *See* Fed. R. Evid. 609(b) ("This subdivision ... applies if more

than 10 years have passed since the witness's conviction *or release from confinement for it, whichever is later*") (emphasis added). Accordingly, "the Court must now undertake the balancing of factors required under Rule 609(a)(1)." *Espinosa v. McCabe*, No. 9:10-CV-497, 2014 WL 988832, *4 (N.D.N.Y. Mar. 12, 2014).

First, while all felonies are presumptively somewhat probative of a witness's propensity to testify truthfully, convictions for criminal possession and sale of a controlled substance are generally not probative of a witness' character for truthfulness. *United States v. Steele*, 216 F.Supp.3d 317, 326-27 (S.D.N.Y. 2016) (citing *United States v. Hayes*, 553 F.2d 824, 828 n.8 (2d Cir. 1977)) ("A prior narcotics conviction that does not apparently involve falsity is rarely probative of a witness's character for truthfulness"); *Ali v. Police Officer William Connick*, No. 11-CV-5297, 2016 WL 3080799, *3 (E.D.N.Y. May 31, 2016) ("[C]onvictions of . . . drug possession rank 'low on the impeachment value scale' ") (quotation omitted). Second, Plaintiff's conviction is approximately twelve years old and thus, "this factor diminishes the probative value of Plaintiff's convictions." *Espinosa*, 2014 WL 988832, at *5. Third, the crux of the case before the Court is an excessive force action. Since the drug charges are not, on their face, similar to the issues in this case, admission of the conviction would not be unduly prejudicial. *See Brundidge v. City of Buffalo*, 79 F.Supp.2d 219, 226 (W.D.N.Y. 1999) (citation omitted) ("Courts have allowed witnesses to be cross-examined on past crimes where the conviction at issue bears no resemblance to the current action). Moreover, because Plaintiff and Defendants are expected to provide drastically different accounts of the events, the jury will be required to assess Plaintiff's and Defendants' credibility. As such, this factor weighs in favor of admitting the convictions for impeachment purposes. *See Brandon v. Kinter*, No. 9:13-CV-00939 (BKS/ATB), 2021 WL 3032693, at *2 (N.D.N.Y. July 19, 2021) (allowing evidence of criminal sale and possession of a

controlled substance where the witnesses are expected to testify to a different version of events) (citation omitted); *Brundidge*, 79 F.Supp.2d at 226.

The Court notes that, with respect to Plaintiff's conviction for assault in the second degree, this offense is "a crime of violence which ranks low on the scale of probative value on credibility, has little or no direct bearing on honesty and veracity." *Jean-Laurent v. Hennessy*, 840 F.Supp.2d 529, 544 (E.D.N.Y. 2011) (citations omitted); *see also Monroe v. Town of Haverstraw*, No. 20-CV-10944, 2022 WL 16751919, at *3 (S.D.N.Y. Nov. 7, 2022) (holding that a conviction for assault in the second degree is not relevant in assessing the plaintiff's credibility).  Moreover, possession of marihuana, harassment, and various traffic violations are not admissible for impeachment purposes under 609(a)(2). *See Dougherty v. Cnty. of Suffolk*, No. CV 13-6493, 2018 WL 1902336, at *3 (E.D.N.Y. Apr. 20, 2018); *Lugo v. City of New York*, No. 14CV7185, 2018 WL 11466167, at *3 (S.D.N.Y. July 13, 2018); *Hartman v. Snelders*, No. 04 CV 1784, 2010 WL 11626508, at *11 (E.D.N.Y. Jan. 28, 2010) (reasoning that the crime of harassment did not implicate the plaintiff's credibility); *see also U.S.A. v. Yesayan*, No. CR-08-943, 2009 WL 3770425, at *2 (C.D. Cal. Nov. 9, 2009) (holding that traffic violations do not relate to credibility).

Considering all of the factors and Rule 403, Plaintiff's motion in limine seeking to preclude evidence related to his 2010 conviction for criminal possession and sale of a controlled substance, is denied in part and granted in part.  Accordingly, Defendants will be permitted to question Plaintiff regarding the name, date, and sentence received for the convictions for criminal possession and sale of a controlled substance, but they are precluded from eliciting testimony with respect to the underlying facts of the conviction and precluded from eliciting testimony related to the assault conviction, misdemeanors, harassment, and traffic violations.

### 2. Plaintiff's Lawsuits/Prison Disciplinary Proceedings

Plaintiff seeks to preclude Defendants from introducing evidence related to any lawsuits or litigation commenced by or against Plaintiff and evidence related to Plaintiff's prison disciplinary proceedings. *See* Dkt. No. 62 at 1. In response to the motion, Defendants assert that they do not intend to introduce any evidence related to Plaintiff's disciplinary record or evidence of prior litigation or lawsuits.[1] *See* Dkt. No. 69 at 2. Accordingly, this portion of Plaintiff's motion is granted.

### 3. Photographs

Plaintiff moves to preclude Defendants from introducing several photographs of automobile wreckage resulting from incidents that preceded Plaintiff's arrest. *See* Dkt. No. 62 at 3. Plaintiff argues that (1) "there is nothing whatsoever with regard to numerous photographs of automobile wreckage and associated automotive debris that is in any manner relative to or probative with regard to the claims in the underlying action"; and (2) any probative value of the photographs would be substantially outweighed by the danger of unfair prejudice, and inflame the jury under Rules 402 and 403 of the Federal Rules of Evidence. *Id*. In opposition, Defendants argue that the photographs are "integral to understanding all facts and circumstances surrounding the arrest." Dkt. No. 69 at 2.

Plaintiff's concession that he was arrested and convicted of "the crimes charged" does not render additional evidence on that issue irrelevant. As the Advisory Committee Notes to Rule 401 state,

> [t]he fact to which the evidence is directed need not be in dispute. While situations will arise which call for the exclusion of evidence offered to prove a point conceded by the opponent, the ruling should be

---

[1] During the final pre-trial conference, counsel for Defendants indicated to the Court that he does not intend to introduce any evidence related to any prior lawsuits or litigation.

7

> made on the basis of such considerations as waste of time and undue prejudice (see Rule 403), rather than under any general requirement that evidence is admissible only if directed to matters in dispute. Evidence which is essentially background in nature can scarcely be said to involve disputed matter, yet it is universally offered and admitted as an aid to understanding. Charts, photographs, views of real estate, murder weapons, and many other items of evidence fall in this category.

Fed. R. Evid. 401, Advisory Committee's Notes (1972); *see also Old Chief v. United States*, 519 U.S. 172, 179 (1997).

Therefore, the Court turns to whether the probative value of the photographs would be substantially outweighed by the danger of unfair prejudice, confusing the issues, or misleading the jury. Plaintiff does not explain how admission of these photographs would cause undue prejudice to him or confuse the jury. However, the Court lacks sufficient information to rule on the admissibility of photographs as neither party has submitted any photographs, the Court is unable to determine whether the evidence is of sufficient probative value. Accordingly, the Court reserves on this issue.[2]

**C.    Defendants' Motion *in Limine***

    **1.    McLane's Disciplinary History**

Defendants assert that Plaintiff should be precluded from introducing any evidence related to a 2010 disciplinary matter involving McLane. Dkt. No. 60 at 1-2. Defendants argue that the evidence would be confusing to the jury and prejudicial to Defendants. *Id*. Moreover, the evidence is inadmissible character evidence. *Id*. (citing Fed. R. Civ. P. 404). Plaintiff argues the evidence is relevant to McLane's "veracity and behaviors" and admissible pursuant to Rule 404(b)(2). Dkt. No. 71. In the alternative, Plaintiff seeks to question McLane regarding the

---

[2] During the final pre-trial conference, Plaintiff's counsel indicated to the Court that he intends to introduce photographs from the bystander video. Defendants object to the introduction to those photographs. Because the photographs have not been presented to the Court for review, the Court will reserve on this issue.

incident. *Id*.

Rule 404(b) of the Federal Rules of Evidence provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Thus, "Federal Rule of Evidence 404(b) prohibits the introduction of character evidence to show that an individual has a certain predisposition, and acted consistently with such predisposition during the event in question." *Lombardo v. Stone*, No. 99 CIV. 4603, 2002 WL 113913, *3 (S.D.N.Y. Jan. 29, 2002). Pursuant to Rule 404(b), however, such evidence may be admissible if offered for a different purpose. *See* Fed. R. Evid. 404(b). Specifically, Rule 404(b) provides that such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident" subject to a Rule 403 analysis. *Id*. Thus, "[c]ourts may admit evidence of prior bad acts if the evidence is relevant to an issue at trial other than the [person's] character, and if the probative value of the evidence is not substantially outweighed by the risk of unfair prejudice." *United States v. Barret*, 677 Fed. App'x 21, 23 (2d Cir. 2017), *cert. denied sub nom. Scarlett v. United States*, 137 S. Ct. 2280 (2017) (quotation omitted). The Supreme Court and Second Circuit have created a four-part test to determine admissibility under Rule 404(b): (1) whether the prior act evidence was offered for a proper purpose; (2) whether the evidence was relevant to a disputed issue; (3) whether the probative value of the prior act evidence is substantially outweighed by its potential for unfair prejudice; and (4) whether the district court administered an appropriate limiting instruction. *United States v. Garcia*, 291 F.3d 127, 136 (2d Cir. 2002) (citing *Huddleston v. United States*, 485 U.S. 681, 691-92 (1988)).

"When the party proffers the evidence to demonstrate a pattern of relevant conduct, the

evidence must share unusual characteristics with the act charged or represent a unique scheme." *Banushi v. Palmer,* No. 08-CV-2937, 2011 WL 13894, at *2 (E.D.N.Y. Jan. 4, 2011) (internal quotation marks omitted) (citing *Berkovich v. Hicks*, 922 F.2d 1018, 1022 (2d Cir. 1991)), *aff'd*, 500 Fed. App'x 84 (2d Cir. 2012).

Here, Plaintiff alleges that the McLane's conduct "is indicative of behavior whereby the defendant consciously chose to disobey rules and accepted norms of behavior for a police officer." Dkt. No. 71 at 2. However, Plaintiff fails to show any similarity between the 2010 incident and the facts of this case. "Without some showing of a similarity or connection between the prior and current acts, then evidence of the prior act is not relevant to show knowledge and intent." *Chalco v. Belair*, No. 3:15-CV-340, 2019 WL 456162, at *6 (D. Conn. Feb. 5, 2019) (internal quotation marks and citation omitted).

The Court has conducted an independent review of the documents related to the March 2010 disciplinary action involving McLane's failure to comply with his supervisor's orders. *See* Dkt. No. 57. Upon review, the Court finds that the documents are not material or relevant to this action as the disciplinary matter does not share a "unique scheme" or "unusual characteristics" with the matter at hand. *See Nibbs v. Goulart*, 822 F.Supp.2d 339, 348–49 (S.D.N.Y. 2011); *see Est. of Richards by Stephens v. City of New York*, No. 1:18-CV-11287, 2020 WL 6162130, at *3 (S.D.N.Y. Oct. 21, 2020) (finding that the defendants' disciplinary histories include allegations of failure to respond to calls in a timely manner, use of foul, offensive, or threatening language, missing personal property, and incomplete or improper memobook entries "do not involve complaints similar to the type of conduct at issue"). Moreover, the reports are too remote in time to be considered probative in this matter. *See Volker v. Cnty. of Nassau*, No. 216CV04805, 2019 WL 5963813, at *3 (E.D.N.Y. Nov. 13, 2019) (holding that a "decade-plus old discrimination

action" is not relevant to the plaintiff's retaliation claim); *see also Valenzuela v. Abate*, No. 92 Civ. 9309, 1996 WL 22373, at *4 (S.D.N.Y. Jan. 22, 2011) (holding that incidents that occurred eight and fourteen months prior to the event in the complaint are of "severely limited" probative value).

Accordingly, Defendants' motion, with respect to this issue, is granted.

**2.     Plaintiff's Medical Records**

Defendants seek to preclude Plaintiff's medical records from Riverview Correctional Facility as hearsay. Dkt. No. 60 at 2. Plaintiff intends to offer certified records in accordance with Rules 803(6) and 803(4). Dkt. No. 71 at 2.

Generally, statements made for the purposes of medical diagnosis or treatment, including medical history, and a description of symptoms and pain, are admissible under the exception to the hearsay rule set forth in Rule 803(4) of the Federal Rules of Evidence. *Turner v. White*, 443 F.Supp.2d 288, 297 (E.D.N.Y. 2005). When the physician relies on the statement in formulating his opinion and treatment plan, then such statements are generally admissible. *See O'Gee v. Dobbs Houses, Inc*., 570 F.2d 1084, 1089 (2d Cir. 1978). While statements related to fault are inadmissible, statements referencing assault support an inference of cause more than fault and are consistent with the purposes of providing treatment and are properly admitted. *Id*. (the plaintiff's natural answer to how injuries were sustained would not be "an incident" or "trauma"). When analyzing statements in medical records, the Court should consider whether the statements to doctors are consistent with the plaintiff's testimony throughout the case. *Id.* So long as the identity of the perpetrator is not disclosed, "a patient's statement describing how an injury occurred is pertinent to a physician's diagnosis and treatment." *U.S. v. Gabe*, 237 F.3d 954, 957–58 (8th Cir. 2001).

Here, Defendants seek to preclude records generated at Riverview Correctional Facility wherein the treating nurse wrote that Plaintiff reported he was, "still having facial pains and headaches from injuries sustained during my arrest[.]"  Dkt. No. 60-2 at 2.  The records appear relevant to Plaintiff's claim and may be admissible as a statement made for medical diagnosis or treatment.  *See* Fed. R. Evid. 803(4).

Accordingly, Defendants' motion to preclude Plaintiff's medical records from Riverview Correctional Facility is denied.

### 3. Due Process Claim Related to Bystander Video

Defendants move to preclude Plaintiff from testifying or offering evidence to suggest that he would not have pled guilty if he was aware of the existence of the bystander video during his criminal case.  *See* Dkt. No. 60 at 2.  Plaintiff claims he does not seek to "challenge" his guilty plea, but rather, he intends to present evidence that Defendants failed to timely disclose the bystander video as "an effort to conceal bad acts."  Dkt. No. 71.

In the second amended complaint, Plaintiff asserts a Fourteenth Amendment due process claim based upon the failure to disclose the video recording.  Sec. Am. Compl. at ¶ 57.  Plaintiff asserts that if he had been in possession of the recording, he "might not have pled guilty to the crimes charged[.]"  Dkt. No. 64 at 7.

The Court has reviewed the video.  Plaintiff does not assert, and the evidence does not support the conclusion, that the evidence is *Brady* material.  Plaintiff pled guilty to criminal possession of a controlled substance and reckless endangerment.  Thus, the video of his arrest was not constitutionally material for the purposes of a due process claim and he did not have the right to disclosure.  *See United States v. Bell*, 819 F.3d 310, 318–19 (7th Cir. 2016) ("To be regarded as such, the evidence at issue must not only have an apparent exculpatory value but be of such a

nature that the defendant cannot obtain comparable evidence by other means.") (citations omitted); *see also Fields v. Achterberg*, No. 14-CV-855, 2018 WL 1474181, at *4 (W.D. Wis. Mar. 26, 2018) (reasoning that security camera footage and still images were not exculpatory, and therefore the plaintiff did not have a due process right to their disclosure).  As the evidence was not *Brady* material, Plaintiff has failed to establish a due process claim.  *See Greene v. City of New York,* No. 08-CV- 00243, 2017 WL 1030707, at *29 (E.D.N.Y. Mar. 15, 2017) *aff'd*, 742 Fed. App'x 532 (2d Cir. 2018).

Moreover, assuming the video was exculpatory in nature, under *Heck v. Humphrey*, 512 U.S. 477 (1994), a claim for damages is "not cognizable under § 1983" if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."  *Heck*, 512 U.S. at 487.  "*Brady*-based § 1983 claims necessarily imply the invalidity of a challenged conviction in the trial (or plea) in which the *Brady* violation occurred" because "the remedy for a *Brady* violation is vacatur of the judgment of conviction and a new trial."  *Poventud v. City of New York*, 750 F.3d 121, 132-33 (2d Cir. 2014) (en banc) (emphasis omitted).  "Thus, a *Brady* claim is not cognizable under § 1983 unless the challenged conviction has been invalidated."  *Jefferson v. N.Y.C. Police Dept.*, 651 Fed. App'x 58, 60 (2d Cir. 2016).

The case cited by Plaintiff in his trial brief, *Taylor v. Hense*, 731 F.Supp. 72 (N.D.N.Y. Feb. 27, 1990), is not persuasive.  In that case, the evidence in question related to a witness who was not identified to the defense before trial, and whose status was misrepresented to the plaintiff, preventing the plaintiff from determining if the witness could provide testimony to exculpate the plaintiff.  *Id*.  Therefore, Judge McCurn concluded that, "[t]he conduct of the defendants may be said to have deprived plaintiff of due process because 'there is a reasonable probability that, but for [the conduct of the defendants], the result of the proceeding would have been different.' ' *Id*.

(citations omitted). Moreover, in that case, the plaintiff commenced his 1983 action after his conviction was vacated. *Id*.

Based upon the aforementioned, the Fourteenth Amendment due process claim related to the bystander video is **DISMISSED**. Plaintiff is precluded from introducing any testimony or evidence related to the disclosure of the bystander video recording and his guilty plea.

### III.  REMAINING ISSUES

During the final pre-trial conference, the Court discussed two remaining issues: (1) Plaintiff's claims against the City of Watertown Police Department; and (2) the *Monell* claim against the City of Watertown.

**A.     City of Watertown Police Department**

In New York, departments are administrative arms of a municipal corporation and are not separate legal entities capable of being a party to a lawsuit. *See Baker v. Willett*, 42 F.Supp.2d 192, 198 (N.D.N.Y. 1999); *Loria v. Town of Irondequoit*, 775 F.Supp. 599, 606 (W.D.N.Y. 1990). "[A] Police Department cannot sue or be sued because it does not exist separate and apart from the municipality and does not have its own legal identity." *Hines v. City of Albany*, 542 F.Supp.2d 218, 227 (N.D.N.Y. 2008) (internal citation and quotation marks omitted).

Accordingly, the claims against City of Watertown Police Department are dismissed.[3] *See Torres v. Nassau Cnty. Jail*, No. 11-CV-0264, 2011 WL 1900125, at *3 (E.D.N.Y. May 19, 2011); *Grant v. City of Syracuse*, No. 5:15-CV-445 (LEK/TWD), 2017 WL 5564605, at *15 (N.D.N.Y. Nov. 17, 2017) (citation omitted).

**B.     *Monell* Claim**

---

[3] The Clerk of the Court is directed to terminate the City of Watertown Police Department as a defendant herein.

In the Second Amended Complaint, Plaintiff asserts a *Monell* claim against the City of Watertown. *See* Sec. Am. Compl. at ¶¶ 46-58.

A municipality "may not be held liable under Section 1983 unless the challenged action was performed pursuant to a municipal policy or custom." *Powers v. Gipson*, No. 04-CV-6338, 2004 WL 2123490, *2 (W.D.N.Y. Sept. 14, 2004) (citing *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694 (1978)). This is because "[m]unicipalities are not subject to Section 1983 liability solely on the basis of a respondeat superior theory." *Id*. As a result, to demonstrate *Monell* liability, a plaintiff must allege a violation of constitutional rights by employees of the municipality and "(1) 'the existence of a municipal policy or custom . . . that caused his injuries beyond merely employing the misbehaving officer[s]'; and (2) 'a causal connection—an affirmative link—between the policy and the deprivation of his constitutional rights.' " *Harper v. City of New York*, 424 Fed. App'x 36, 38 (2d Cir. 2011) (quoting *Vippolis v. Village of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985)).

In the present matter, the Court finds that Plaintiff has failed to plausibly allege a *Monell* claim against the City of Watertown. The complaint is devoid of any specific facts suggesting that a municipal custom or policy led to a violation of Plaintiff's rights. As such, Plaintiff's claims against the City of Watertown are **DISMISSED**.[4]

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion *in limine* regarding Plaintiff's his 1997 and 1999 criminal convictions is **GRANTED**; and the Court further

---

[4] The Clerk of the Court is directed to terminate the City of Watertown as a defendant herein.

**ORDERS** that Plaintiff's motion *in limine* regarding Plaintiff's 2010 criminal conviction is **DENIED in part and GRANTED in part**; and the Court further

**ORDERS** that Plaintiff's motion *in limine* regarding his prison disciplinary record and litigation history is **GRANTED**; and the Court further

**ORDERS** that the Court **RESERVES** decision on the admissibility of photographs; and the Court further

**ORDERS** that Defendants' motion *in limine* to preclude Plaintiff from introducing records related to McLane's 2010 disciplinary history is **GRANTED**; and the Court further

**ORDERS** that Defendants' motion to preclude *in limine* Plaintiff from introducing medical records from Riverview Correctional Facility from February 2020 and April 2020 is **DENIED**; and the Court further

**ORDERS** that Defendants' motion *in limine* to preclude testimony or evidence related to the bystander video and Plaintiff's guilty plea is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's Fourteenth Amendment due process claim related to the bystander video is **DISMISSED**; and the Court further

**ORDERS** that all claims against the City of Watertown Police Department are **DISMISSED**; and the Court further

**ORDERS** that Plaintiff's claims against the City of Watertown are **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall terminate the City of Watertown and the City of Watertown Police Department as defendants herein; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: January 26, 2023
Albany, New York

*Mae A. D'Agostino*
Mae A. D'Agostino
U.S. District Judge